IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil Action No. 06-1521 |
| v. ) | Criminal No. 05-114 |
| ) | Electronically Filed |
| STEPHEN GEORGE ) | |

**MEMORANDUM OPINION**

Before the Court is defendant Stephen George's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person In Federal Custody ("Motion to Vacate") (doc. no. 37). On February 2, 2006, this Court sentenced defendant to a term of imprisonment of 71 months, three years supervised release, and a $100.00 special assessment, based upon his conviction, pursuant to his guilty plea, for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

<u>Motion to Vacate</u>

Defendant asserts that his sentence should be vacated or put aside because there "were never any laboratory findings on the firearm to see if the firearm was operable." Motion to Vacate, ¶12, Ground One. Defendant also asserts that his attorney asked the government for all the "Local Criminal Rule 16.1 material" that the government "had against me and I never received any material stating that there were tests done on the firearm or any information that the firearm worked or existed." Motion to Vacate, ¶ 12, Ground Two.

In a supplemental "Motion for Habeas Corpus and Section 2255 Proceedings (doc. no. 37 at 13-14), defendant asserts that "if firearm is not operable than [sic] it's not a firearm . . . " and, therefore, "argues the Government does not have Prima Facie evidence, prosecutorial

suspicion and conjecture is not evidence, and is unacceptable, the Government must show the presence of every element necessary to constitute each offense charged and the defendants complicity in each offense." *Id*. at ¶¶ 6-7.  On these grounds, defendant moves the Court to "set aside defendant's sentence and plea to attack Government's collateral."  Motion to Vacate, Request for Relief, at 13 (doc. no. 37 at 12).

Under 28 U.S.C. § 2255, a judge must determine whether to summarily dismiss the petition under Rule 4(b) of the Rules Governing § 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."), or to order an evidentiary hearing under Rule 8 of the Rules Governing § 2255 Proceedings.

A district court should hold an evidentiary hearing in section 2255 cases unless "the motion, files and records show conclusively that the movant is not entitled to relief." *United States v. Nahodil*, 36 F.3d 323 (3d Cir. 1994).  In deciding whether to hold a hearing, a judge may draw upon personal knowledge and recollection of the events that occurred in his or her presence. See *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1077 (3d Cir. 1985).

Thus, a section 2255 motion may be denied summarily pursuant to section 2255 and Rule 4(b) of the Rules Governing § 2255 Proceedings if the movant's allegations, accepted as true, do not state a claim for relief.  Accepting defendant George's allegations as true, the motion and the files and records of the case conclusively show that he is not entitled to relief, and under Rule 4(b), this Court "must dismiss the motion."

First, a counseled and voluntary guilty plea may not be collaterally attacked in a habeas

corpus action. *Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir. 1991), citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A plea of guilty and the ensuing conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

Defendant was ably counseled when he entered his general plea of guilty in open court before another member of this Court on September 19, 2005, who found, after an extensive colloquy, that defendant was competent to plead guilty, that he fully understood the nature of the proceedings, the consequences of and the factual basis for the plea, and that he entered his plea knowingly and voluntarily. The Court also found that defendant understood the elements of the offense charged and the government's burden of proving each of those elements if the case would go to trial, that he agreed with the government's factual recitation supporting the offense charged, and that he admitted to being a convicted felon in possession of a firearm.

Accordingly, defendant cannot collaterally attack his voluntary, counseled guilty plea by motion to vacate or set aside under 28 U.S.C. § 2255.

Second, his argument that his plea should be set aside and his sentence vacated because he never saw the laboratory report and because the government "does not have Prima Facie evidence" is doomed from the outset. Defendant pleaded guilty to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Section

3

922(g)(1) provides: "It shall be unlawful for any person -- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition . . . ." In order to establish a violation of § 922(g)(1), the government must prove each of the following elements beyond a reasonable doubt: (1) that the defendant previously was convicted of a crime punishable by a term of imprisonment exceeding one year; (2) that the defendant knowingly possessed a firearm; and, (3) that the defendant's possession of the firearm was in or affecting interstate commerce. *United States v. Dodd*, 225 F.2d 340, 344 (3d Cir. 2000). "Firearm" excludes antique firearms, but otherwise "means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." 18 U.S.C. § 921(a)(3).

      The government proffered at the guilty plea hearing that on June 26, 2004, City of Pittsburgh police officers saw defendant remove a firearm from his waistband and throw it on the ground, and that they immediately recovered an Iberia Highpoint model JCP .40 caliber pistol. By pleading guilty and agreeing with the government's summary of the evidence, defendant admitted he possessed the firearm as charged on June 26, 2004, and he relieved the government of its burden of proof on this and the other elements of the offense.

      Whether the firearm was operable or not is irrelevant - operability is not an element of this offense. See, *e.g.*, *United States v. Zwibel*, 181 Fed.Appx. 238, 241 n. 2 (3d Cir. 2006) ("To the extent that Zwibel argues the government was obligated to demonstrate that the gun was operable to establish it was a "firearm" under 18 U.S.C. § 921(a)(3), a weapon need not be

operable to be considered a "firearm" under § 921(a)(3)"), citing *United States v. Rivera*, 415 F.3d 284, 286 (2d Cir. 2005) (collecting cases); *United States v. Adams*, 137 F.3d 1298, (11th Cir. 1998) (collecting cases) (Per Curiam) ("Nothing in either § 922(g)(1) or § 921(a)(3) requires the government to show that the unlawfully possessed firearm is operable. . . . [E]very circuit addressing the issue has reached the same conclusion."). The Iberia Highpoint pistol is designed to or may readily be converted to expel a projectile by the action of an explosive even if inoperable, and defendant admitted he possessed the firearm.

<u>Certificate of Appealability</u>

Upon the denial of a section 2255 motion by the district court, an appeal to the Court of Appeals is not permitted unless the petitioner obtains a certificate of appealability from "a circuit justice or judge." 28 U.S.C. § 2253(c). "At the time a final order denying a petition under 28 U.S.C. § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue." United States Court of Appeals for the Third Circuit Local Appellate Rule 22.2. The application for such a certification should therefore be made to the district court in the first instance. See *United States v. Williams*, 158 F.3d 736, 742 n. 4 (3d Cir. 1998).

The law permits the issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to establish the denial of a constitutional right, the mere allegation of a constitutional wrong, such as deprivation of the rights to effective counsel, is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal. *Santana v. United States*, 98 F.3d 752, 757 (3d Cir. 1996). "The petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, reasonable jurists would not find this Court's assessment of defendant's claims debatable or wrong. Thus, the Court will not issue a certificate of appealability.

For the foregoing reasons, the Court will dismiss defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person In Federal Custody ("Motion to Vacate") (doc. no. 37) as without merit and will decline to issue a certificate of appealability, by separate order of Court.

                                                                                   s/ Arthur J. Schwab
                                                                                   Arthur J. Schwab
                                                                                   United States District Judge

cc:

Stephen George, Pro Se
James H. Love, Esquire
W. Penn Hackney, Esquire

United States Marshal's Office
United States Probation Office